FILED by KS D.C.

Aug 19, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80118-CR-MIDDLEBROOKS/MATTHEWMAN

21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)(i)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(e)
21 U.S.C. § 853
18 U.S.C. § 924(d)(1)

UNITED STATES OF AMERICA

vs.

ERIC LEON NELMS,

        Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Distribution of a Controlled Substance**
**(21 U.S.C. § 841(a)(1))**

On or about February 20, 2020, in Palm Beach County, in the Southern District of Florida, the defendant,

**ERIC LEON NELMS,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of heroin.

### COUNT 2
**Felon in Possession of a Firearm**
**(18 U.S.C. §§ 922(g)(1) and 942(e))**

On or about February 21, 2020, in Palm Beach County, in the Southern District of Florida,

1

the defendant,

**ERIC LEON NELMS,**

did knowingly possess a firearm, that is, a Smith & Wesson, Model Bodyguard, .380 Caliber pistol, in and affecting interstate commerce, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## COUNT 3
### Felon in Possession of a Firearm
### (18 U.S.C. §§ 922(g)(1) and 942(e))

On or about February 21, 2020, in Palm Beach County, in the Southern District of Florida, the defendant,

**ERIC LEON NELMS,**

did knowingly possess a firearm, that is, a Kel-Tec, Model P3AT, .380 Caliber pistol, in and affecting interstate commerce, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## COUNT 4
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about May 26, 2020, in Palm Beach County, in the Southern District of Florida, the defendant,

**ERIC LEON NELMS,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl.

## COUNT 5
### Carrying a Firearm During and in Relation to a Drug Trafficking Crime
### (18 U.S.C. § 924(c)(1)(A)(i))

On or about May 26, 2020, in Palm Beach County, in the Southern District of Florida, the defendant,

**ERIC LEON NELMS,**

did knowingly carry a firearm during and in relation to a drug trafficking crime, a felony offense for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as charged in Count 4 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 6
### Felon in Possession of a Firearm
### (18 U.S.C. §§ 922(g)(1) and 942(e))

On or about May 26, 2020, in Palm Beach County, in the Southern District of Florida, the defendant,

**ERIC LEON NELMS,**

did knowingly possess a firearm, that is, a Taurus, Model G2C, 9 mm pistol, in and affecting interstate and foreign commerce, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

## COUNT 7
### Possession with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about May 26, 2020, in Palm Beach County, in the Southern District of Florida, the defendant,

**ERIC LEON NELMS,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in

3

violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of fentanyl.

## **FORFEITURE ALLEGATIONS**

1.  The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ERIC LEON NELMS**, has an interest.

2.  Upon conviction of a violation of Title 21, United States Code, Section 841(a)(1), as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.  Upon conviction of a violation of Title 18, United States Code, Sections 922(g)(1), 924(c)(1)(A), or any other criminal law of the United States of America, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm or ammunition involved in or used in the commission of such violation.

All pursuant to Title 18, United States Code, Section 924(d)(1), as incorporated by Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
SHANNON O'SHEA DARSCH
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ERIC LEON NELMS

_____Defendant._____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division:** (Select One)
- [ ] Miami
- [ ] Key West
- [ ] FTL
- [✓] WPB
- [ ] FTP

New defendant(s)   [ ] Yes   [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect _____

4. This case will take __7__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days        [ ]
   - II   6 to 10 days       [✓]
   - III  11 to 20 days      [ ]
   - IV   21 to 60 days      [ ]
   - V    61 days and over   [ ]

   (Check only one)
   - Petty         [ ]
   - Minor         [ ]
   - Misdemeanor   [ ]
   - Felony        [✓]

6. Has this case previously been filed in this District Court? (Yes or No) No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) No

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) No

*Shannon O'Shea Darsch* (signature)

SHANNON O'SHEA DARSCH
Assistant United States Attorney
FLA Bar No.         68566

\*Penalty Sheet(s) attached                                                                                   REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Eric Leon Nelms

**Case No:** _____

Counts #: 1, 4, 7

Distribution of a Controlled Substance, to wit, heroin (Count 1) and fentanyl (Count 4)

Possession with Intent to Distribute a Controlled Substance, to wit, fentanyl (Count 7)

21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)

\* **Max. Penalty:**   20 years' imprisonment; $1,000,000 fine; minimum 3 years to life term of supervised release; and a $100.00 special assessment.

Counts # 2, 3, and 6:

Felon in Possession of a Firearm (Armed Career Criminal Act)

18 U.S.C. §§ 922(g)(1), 924(e)

\***Max. Penalty:**   mandatory minimum term of 15 years' imprisonment, to a maximum term of life imprisonment; $250,000 fine; 5 years' supervised release; and a $100.00 special assessment.

Count #: 5

Carrying a Firearm During and in Relation to a Drug Trafficking Crime

18 U.S.C. § 924(c)(1)(A)(i)

\***Max. Penalty:**   mandatory minimum term of 5 years' imprisonment, to a maximum term of life imprisonment, to run consecutively to any other sentence imposed; $250,000 fine; five years of supervised release; and a $100.00 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**