UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80118-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

ERIC LEON NELMS,

                        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and ERIC LEON NELMS (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 4, as charged in the Indictment, that is, Distribution of a Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Counts 2, 3, and 6, as charged in the Indictment, that is, Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). The defendant agrees that he is, in fact, guilty of the offenses.

2. In return for the defendant's guilty plea and acceptance of responsibility as to Counts 2, 3, 4, and 6 of the Indictment, the United States agrees to dismiss Counts 1, 5, and 7, which charges the defendant with Distribution of a Controlled Substance and Possession with Intent to Distribute a Controlled Substance (Counts 1 and 7), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Carrying a Firearm During and in Relation to a Drug Trafficking Crime (Count 5), in violation of Title 18 United States Code, Section 924(c)(1)(A)(i), at sentencing – provided the defendant has complied with the terms and conditions listed in this

plea agreement.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that as to Count 4 of the Indictment, the Court may impose a term of up to twenty (20) years' imprisonment, followed by a minimum term of three (3) years and up to a maximum term of life of supervised release. The Court may also impose a fine of up to $1,000,000.00.

5. The defendant also understands and acknowledges that as to Counts 2, 3, and 6 of the Indictment, should the Court determine at sentencing that the defendant qualifies as an Armed

2

Career Criminal under the enhanced sentencing provisions of Title 18, United States Code, Section 924(e), the Court must impose a statutory mandatory minimum term of fifteen (15) years' imprisonment, and may impose a maximum term of life imprisonment, to be followed by a maximum five (5) year term of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

6. The defendant also understands and acknowledges that as to Counts 2, 3, and 6 of the Indictment, should the Court determine at sentencing that the defendant is not an Armed Career Criminal under the enhanced sentencing provisions of Title 18, United States Code, Section 924(e), the Court may impose a term of up to ten (10) years' imprisonment, to be followed by a maximum three (3) year term of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

7. The defendant further understands and acknowledges that, in addition to any sentence imposed under the preceding paragraphs of this agreement, a special assessment in the amount of $400.00 will be imposed on the defendant as to Counts 2, 3, 4, and 6. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

8. This Office and the defendant reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the defendant's sentence:

a. Based upon their review of the defendant's criminal history, both the defendant and the United States believe the defendant qualifies for an enhanced sentence as an Armed Career Criminal under Title 18, United States Code, Section 924(e) and U.S.S.G. § 4B1.4, and as a career offender under U.S.S.G. § 4B1.1.

b. In the event that the defendant does not qualify for either or both of these enhanced sentences, both the United States and the defendant nevertheless agree to recommend that this Court sentence the defendant to 180 months' imprisonment (and impose a variance or departure if necessary). The defendant expressly acknowledges that this 180-month sentence recommendation is consistent with the factors outlined in Title 18, United States Code, Section 3553(a) and is proper in consideration of the United States' concessions in this agreement.

10. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

11. This Office reserves the right to evaluate the nature and extent of the defendant's

cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

13. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating

5

that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

14. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

15. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or

derived from, any proceeds obtained, directly or indirectly, as a result of the offenses alleged in Count 4 of the Indictment, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, pursuant to Title 21, United States Code, Section 853.

16. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

17. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

18. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to

7

appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

19. In the event the defendant withdraws from this agreement after the government and defendant have signed it, or prior to or after pleading guilty to the charges identified in paragraph one (1) above or otherwise fails to fully comply with any of the terms of this plea agreement, the United States will be released from its obligations under this agreement, and the defendant agrees and understands that: (a) he thereby waives any protection afforded by Rule 11(f) of the Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statement made by him as part of plea discussions, any debriefings or interviews, any written agreements, including any executed factual agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the government; and (b) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the

8

facts referred to in this agreement, of any factual agreement executed by the defendant, or of any documents or recordings provided by the defendant or his representatives to any state or federal agency and/or the United States.

20. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 12/8/2021        By: *Shannon O'Shea Darsch*
                           SHANNON O'SHEA DARSCH
                           ASSISTANT UNITED STATES ATTORNEY

Date: 12/7/2021        By: _____
                           SCOTT SKIER, ESQ.
                           ATTORNEY FOR DEFENDANT

Date: 12/7/21          By: *Eric Nelms*
                           ERIC LEON NELMS
                           DEFENDANT

9